THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JUAN LÓPEZ ET AL., Defendants and Appellants.

No. 5550. Argued January 15, 1935.—Decided January 30, 1935.

R. *Rivera Zayas* for appellants. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The insular policeman Anacleto Soto filed, in the Municipal Court of Cabo Rojo, a complaint against Juan López and twenty-one other persons therein named, charging them with having committed a violation of the labor law of 1902, in the ward of Llanos Costas on January 21, 1934, as follows:

". . . unlawfully, wilfully, and criminally, then and there knowingly, acting together and of one accord, armed with clubs and machetes, entered upon the property of Miguel Carlo and by threats and intimidation, threatening to strike and assault the milkers, Antonio Rosa, Sandalio Padilla, Manuel Dávila and Elide Rodríguez, who were carrying on the work of milking the cows on said property, if they continued their work, prevented said milkers from carrying on their duties as such milkers."

Upon being convicted in the municipal court, the defendants appealed to the District Court of Mayagüez, where after a trial *de novo* they were again convicted, with the exception of one who had died, and feeling aggrieved by that decision, they appealed to this court. In their brief they assign two errors. By the first they maintain that the complaint did not state facts sufficient to constitute the offense with which they are charged, and by the second, they complain of the insufficiency of the evidence.

■■ In his argument under the first assignment, the distinguished counsel for the appellants states that the criminal conduct sought to be punished by the act in relation to labor, approved in 1902, includes within the definition contained in the statute itself an offense of conspiracy, and that every complaint or information based on said act must comply with the requisites essential to the offense of conspiracy, according to our Penal Code and the jurisprudence of Puerto Rico and the United States upon the subject.

Upon that premise he maintains that, it not being alleged in the complaint that the defendants conspired, or, working together, acted of one accord to hinder the milkers from carrying out their duties as such milkers, no conspiracy is charged. He cites the cases of *People* v. *Pérez,* 27 P.R.R. 688 and *People* v. *Torrellas,* 10 P.R.R. 514.

We do not agree. The Act in relation to labor was approved on March 1, 1902, Compiled Statutes, 1911, page 318. In its first section it declares the right which persons employed in any calling, trade or handicraft, have to meet in an orderly and peaceable manner for the purpose of obtaining an advance in the rate of wages or compensation, or of maintaining such rate, and to organize trade or labor assemblies or unions for the purpose of bettering the mental and material condition of the members thereof by lawful peaceable means. By its second section the act prohibits, and punishes as a misdemeanor, the employment of force, violence, intimidation, or threats, or any form of coercion, by any per-

son, or by persons associated together, against any other person or persons, whether for the purpose of preventing them from carrying on their employment, profession or occupation, or for the purpose of affecting the price or remuneration which they are paid for their work.

There is involved, therefore, something different from the conspiracy which is defined and punished by the Penal Code in its sections 62 and 63; something which has an independent existence and which may be committed not only by several persons associated together, but also by one person. This latter is impossible in the offense of conspiracy which always requires the existence of two or more persons for the offense to be committed.

From an examination of the complaint solely in the light of the Act in relation to labor, there is no doubt whatever that it states facts sufficient to constitute the offense sought to be charged, and which was charged, against the defendants.

■ The first error is nonexistent. So also is the second The evidence does not show, it is true, an act of extraordinary gravity and this explains why the trial judge imposed a fine of $10 on each of the defendants, which is the minimum penalty fixed by the statute. But the evidence does show completely the commission of the offense. It shows that the defendants, armed with wooden clubs and one of them with a machete, entered upon the property of Miguel Carlo where several of his laborers were milking the cows, and, according to the testimony of the first witness for the prosecution, Anastacio Rivera, "they asked by whose permission were we milking in the dairy and I said by permission of Miguel Carlo, and then they told us not to milk any more because they were going to beat us, and we were afraid and did not go on milking."

It is true that the milking of the cows was continued, but it was after several hours later when the policeman who was sent for from town had arrived, and it is also true that the defendants did not assault those who were working in the

exercise of a right and in the fulfillment of a duty, but they threatened them and terrorized them in such a way as to cause them to stop their work and to renew it only when they felt protected by the policeman.

 The fact that all of the witnesses who testified directly against the defendants were the very employees of Carlo, is not in itself sufficient for a refusal to give credit to their testimony. It was shown independently that the police were notified and that a policeman came to the place where the events took place. He had nothing to do with the defendants because they had already gone, but the fact that he was notified and came is shown.

The judgment appealed from must be affirmed.